```
                            United States Bankruptcy Court
                            Middle District of Pennsylvania
In re:                                                          Case No. 18-04105-JJT
Timothy J Ryman                                                 Chapter 13
Robyn Ryman
        Debtors                    CERTIFICATE OF NOTICE
District/off: 0314-5        User: MMchugh             Page 1 of 2         Date Rcvd: Nov 20, 2018
                            Form ID: pdf002           Total Noticed: 20
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Nov 22, 2018.
```
db/jdb         +Timothy J Ryman,    Robyn Ryman,   513 Vista Drive,    Berwick, PA 18603-5610
5115458         Berwick Area Joint Sewer Authority,    1108 Freas Ave,   Berwick, PA 18603-1710
5115459         Capital One,   Bankruptcy Dept.,   PO Box 183043,    Columbus, OH 43218-3043
5115456         Doran & Doran PC,   69 Public Sq Ste 700,   Wilkes-Barre, PA 18701-2588
5115462         Geisinger,   100 N Academy Ave,   Danville, PA 17822-9800
5115464        #Northeast Ear Nose & Throat Assoc. Inc.,   6850 Lows Rd Ste 320,    Bloomsburg, PA 17815-8708
5115466         Rushmore Loan Management Services,    Servicer for Wilmington Savings,   PO Box 52708,
                 Irvine, CA 92619-2708
5115455         Ryman Robyn,   513 Vista Dr,   Berwick, PA 18603-5610
5115454         Ryman Timothy J,   513 Vista Dr,   Berwick, PA 18603-5610
5115468         Target Card Services,   PO Box 660170,   Dallas, TX 75266-0170
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
5126734         Fax: 800-813-8164 Nov 20 2018 19:40:11      21st Mortgage Corporation,   P.O.Box 477,
                 Knoxville, TN 37901
5115457        +Fax: 800-813-8164 Nov 20 2018 19:40:11      21st Mortgage Company,   Attn: Customer Service,
                 620 Market St Ste 100,   Knoxville, TN 37902-2208
5115460         E-mail/PDF: creditonebknotifications@resurgent.com Nov 20 2018 19:22:10      Credit One Bank,
                 PO Box 98873,   Las Vegas, NV 89193-8873
5115461         E-mail/Text: electronicbkydocs@nelnet.net Nov 20 2018 19:19:24      Dept of Education/Nelnet,
                 121 S 13th St,   Lincoln, NE 68508-1904
5115463         E-mail/Text: bnckohlsnotices@becket-lee.com Nov 20 2018 19:18:58      Kohl's,   PO Box 3043,
                 Milwaukee, WI 53201-3043
5128709         E-mail/PDF: cbp@onemainfinancial.com Nov 20 2018 19:22:18      ONEMAIN,   PO BOX 3251,
                 EVANSVILLE, IN. 47731-3251
5115465         E-mail/PDF: cbp@onemainfinancial.com Nov 20 2018 19:21:50      One Main,   132 W Front St,
                 Berwick, PA 18603-4702
5114678        +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Nov 20 2018 19:21:54
                 PRA Receivables Management, LLC,   PO Box 41021,   Norfolk, VA 23541-1021
5115467         E-mail/PDF: gecsedi@recoverycorp.com Nov 20 2018 19:22:03      Synchrony Bank/Walmart,
                 Attn: Bankruptcy Dept.,   PO Box 965060,   Orlando, FL 32896-5060
5120202        +E-mail/Text: electronicbkydocs@nelnet.net Nov 20 2018 19:19:24
                 US Department of Education c/o Nelnet,   121 South 13th Street, Suite 201,
                 Lincoln, NE 68508-1911
                                                                                              TOTAL: 10

               ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr*            +PRA Receivables Management, LLC,   PO Box 41021,   Norfolk, VA 23541-1021
                                                                                   TOTALS: 0, * 1, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update.
While the notice was still deliverable, the notice recipient was advised to update its address with the court
immediately.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 22, 2018                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on November 20, 2018 at the address(es) listed below:
```
              Charles J DeHart, III (Trustee)    dehartstaff@pamd13trustee.com, TWecf@pamd13trustee.com
              James  Warmbrodt   on behalf of Creditor   Wilmington Savings Fund Society, FSB, d/b/a Christiana
               Trust, et al. bkgroup@kmllawgroup.com
              Lisa M. Doran    on behalf of Debtor 2 Robyn  Ryman ldoran@dorananddoran.com
              Lisa M. Doran    on behalf of Debtor 1 Timothy J Ryman ldoran@dorananddoran.com
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system (continued)
        United States Trustee   ustpregion03.ha.ecf@usdoj.gov
        TOTAL: 5

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:                                : CHAPTER 13

TIMOTHY J. RYMAN and                  : CASE NO. 5-18-bk-04105
ROBYN RYMAN
          Debtor(s)                   : __X__ ORIGINAL PLAN
                                      : _____ AMENDED PLAN
                                      :       (indicate 1st, 2nd, 3rd, etc)
                                      : _____ Number of Motions to Avoid Liens
                                      : _____ Number of Motions to Value
                                      :       Collateral

## CHAPTER 13 PLAN

### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| 1 | The plan contains nonstandard provisions, set out in §9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ■ Included | ☐ Not Included |
|---|---|---|---|
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E. which may result in a partial payment or no payment at all to the secured creditor. | ■ Included | ☐ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | ☐ Included | ■ Not Included |

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

1. **PLAN FUNDING AND LENGTH OF PLAN**

   A. **Plan Payments From Future Income**

      1.  To date, the Debtor paid $_0_ (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base

1

Case 5:18-bk-04105-JJT    Doc 23    Filed 11/22/18    Entered 11/23/18 00:54:47    Desc
                    Imaged Certificate of Notice    Page 3 of 9

plan is $ <u>see "Total Payments" in chart below</u> plus other payments and property stated in § 1B below:

| Start mm/yy | End Mm/yy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 11/2018 | 10/2023 | $1,715.00 | $0 | $1,715.00 | $ 102,900.00 |
| | | | | Total Payments: | $ 102,900.00 |

2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

4. CHECK ONE: (  ) Debtor is at or under median income. *If this line is checked, the rest of §1.A.4 need not be completed or reproduced.*

( X ) Debtor is over median income. Debtor calculates that a minimum of $ <u>79,854.60</u> must be paid to allowed unsecured creditors in order to comply with the Means Test.

B. **Additional Plan Funding From Liquidation of Assets/Other**

1. The Debtor estimates that the liquidation value of this estate is $ <u>0</u>. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

Check one of the following two lines:

<u> X </u> No assets will be liquidated. *If this line is checked, the rest of § 1.B need not be completed or reproduced.*

3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows:_____

2. **SECURED CLAIMS**

A. **Pre-Confirmation Distributions.** *Check one:*

<u> X </u> None. *If "None" is checked, the rest of § 2.A need not be completed or reproduced*

2

Case 5:18-bk-04105-JJT   Doc 23   Filed 11/22/18   Entered 11/23/18 00:54:47   Desc
Imaged Certificate of Notice   Page 4 of 9

B. **Mortgages (including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.** *Check one*

\_\_\_\_\_ None. *If "None" is checked, the rest of § 2.B need not be completed or reproduced.*

\_\_X\_\_ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| **Wilmington Savings Fund Society dba Christiana Trust, not individually but as trustee for Premium Mortgage Acquisition Trust * referred to in this plan by its servicer "RUSHMORE LOAN MANAGEMENT"** | 513 Vista Drive Berwick, PA | 7033 |

C. **Arrears (including but not limited to, claims secured by Debtor's principal residence).** *Check one.*

\_\_\_\_\_ None. *If "None" is checked, the rest of § 2.C need not be completed or reproduced.*

\_\_X\_\_ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed proof of claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322 (b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Est. Pre-petition Arrears to be Cured | Est. Post-petition Arrears to be Cured | Est. Total to be paid in plan |
|---|---|---|---|---|
| **RUSHMORE LOAN MANAGEMENT** | 513 Vista Drive Berwick, PA | $ 16,000.00 | $ 0 | $ 16,000.00 |

D. **Other secured claims (conduit payments and claims for which a §506 valuation is not applicable, etc)**

\_\_\_\_\_ None. *If "None" is checked, the rest of § 2.D need not be completed or reproduced*

\_\_X\_ The claims below are secured claims for which a §506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 days of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within 1 year of the petition date and secured by a

3

purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided for elsewhere.

1. The allowed secured claims listed below shall be paid in full and their liens retained until completion of payments under the plan.

.2. In addition to the payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the court will determine the present value interest rate and amount at the confirmation hearing.

3. Unless ordered otherwise, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be paid in plan |
|---|---|---|---|---|
| BERWICK SEWER AUTHORITY | 513 Vista Drive Berwick, PA | $ 6,100.00 | 0 % | $ 6,100.00 |
| 21st CENTURY MORTGAGE | 513 Vista Drive Berwick, PA | $ 32,000.00 (*loan term ends during Chapter 13*) | 4.5% | $35,026.00 |

**E. Secured claims for which a §506 valuation is applicable.** *Check one*

____ None. *If "None" is checked, the rest of § 2.E need not be completed or reproduced.*

_X_ Claims listed in the subsection are debts secured by property not described in §2.D of this plan. These claims will be paid in the plan according to modified terms, and liens retained until entry of discharge. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "0.00" or "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. The liens will be avoided or limited through the plan or Debtor will file an adversary action (select method in last column). To the extent not already determined, the amount, extent, or validity of the allowed secured claim for each claim listed below will be determined by the court at the confirmation hearing. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Value of Collateral (Modified Principal) | Interest Rate | Total Payment | Plan or Adversary Action |
|---|---|---|---|---|---|
| ONE MAIN FINANCIAL | 2004 Chevy Avalanche | $ 4000.00 | 5.0% | $ 4,510.00 | PLAN |

**F. Surrender of Collateral:** *Check one*

_X_ None. *If "None" is checked, the rest of § 2.F need not be completed or reproduced.*

4

G. **Lien Avoidance.** Do not use for mortgages or for statutory liens, such as tax liens *Check one.*

__X__ None. *If "None" is checked, the rest of § 2.G need not be completed or reproduced.*

3. **PRIORITY CLAIMS**

   A. **Administrative Claims**

   1. <u>Trustee Fees</u>. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

   2. <u>Attorney fees.</u> Complete only one of the following options:
      a. In addition to the retainer of $_____ already paid by the Debtor, the amount of $_____ in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

      b. $ _285.00_ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R.. 2016-2(b).

   3. <u>Other</u> Other administrative claims not included in §§3.A.1 or 3.A.2 above. *Check one of the following two lines:*

      __X__ None. *If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.*

   B. **Priority Claims (including but not limited to, Domestic Support Obligations other than those treated in §3.C below.** *Check one of the following two lines:*

      __X__ None. *If "None" is checked, the rest of § 3.B need not be completed or reproduced.*

   C. **Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B).** *Check one of the following two lines:*

      __X__ None. *If "None" is checked, the rest of § 3.C need not be completed or reproduced.*

4. **UNSECURED CLAIMS**

   A. **Claims of Unsecured Nonpriority Creditors Specially Classified.** Check one of the following two lines:

      __X__ None. *If "None" is checked, the rest of § 4.A need not be completed or reproduced.*

   B. **Remaining allowed unsecured claims will receive a pro-rate distribution of funds remaining after payment of other classes.**

5

Case 5:18-bk-04105-JJT    Doc 23    Filed 11/22/18    Entered 11/23/18 00:54:47    Desc
Imaged Certificate of Notice    Page 7 of 9

## 5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES. *Check one of the following two lines:*

    __X__ None. *If "None" is checked, the rest of § 5 need not be completed or reproduced.*

## 6. VESTING OF PROPERTY OF THE ESTATE.

**Property of the estate will vest in the Debtor upon**

*Check the applicable line:*

    __X__ plan confirmation.
    _____ entry of discharge.
    _____ closing of case.

## 7. DISCHARGE (Check One)

    ( **X** ) The debtor will seek a discharge pursuant to §1328(a).

    (   ) The debtor is not eligible for a discharge because the debtor has previously received a discharge described in §1328(f).

## 8. ORDER OF DISTRIBUTION:

If a pre-petition creditor files a secured, priority, or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:

Level 1: _____
Level 2: _____
Level 3: _____
Level 4: _____
Level 5: _____
Level 6: _____
Level 7: _____
Level 8: _____

If the above Levels are filled in, the rest of § 8 need not be completed or reproduced. If the above Levels are not filled- in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1:   Adequate protection payments.
Level 2:   Debtor's attorney's fees.
Level 3:   Domestic Support Obligations.
Level 4:   Priority claims, pro rata.
Level 5:   Secured claims, pro rata.
Level 6:   Specially classified unsecured claims.
Level 7:   Timely filed general unsecured claims.
Level 8:   Untimely filed general unsecured claims to which the Debtor has not objected.

## 9. NONSTANDARD PLAN PROVISIONS

*Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit)*

A. The plan will pay 100% to General Unsecured Creditors

Dated: 10/15/18

_____
Attorney for Debtor

_____
Timothy J. Ryman

_____
Robyn Ryman

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in §9.

7